UNITED STATES v. NELSON.

(District Court, S. D. Alabama. February 1, 1900.)

No. 2,102.

1. ACT FOR PROTECTION OF AMERICAN SEAMEN—CONSTRUCTION.

The provisions of Act June 26, 1884 (23 Stat. c. 121), for the protection of American seamen, and of the amendments thereto, apply only to Americans, but to all Americans whose avocation is that of mariner, whether shipping on domestic or foreign vessels.

2. SAME—PENALTY FOR MAKING FALSE CLAIM.

Under 23 Stat. c. 121, § 10, as amended by 24 Stat. c. 421, and 30 Stat. 763, c. 28, § 24, which makes it unlawful to pay any seaman wages in

advance, or to pay such advance wages to any other person, but permits a seaman to stipulate in his articles for an allotment of a portion of his wages, not exceeding one month's wages, to be paid to an original creditor in liquidation of any just debt for board or clothing which he may have contracted prior to his engagement, such stipulation to be inserted in the agreement, and to state the amount, times of payment, and the person to whom the payment is to be made, and which further provides that "any person who shall * * * make a false statement of the nature or amount of any debt claimed to be due from any seaman under this section" shall be subject to a penalty, such penal provision applies only to false statements made for the purpose of establishing a claim against an allotment of wages made by a stipulation as provided in such section, and has no reference to false claims against seamen generally, from which they are protected by the provisions subjecting the master, etc., of either a domestic or foreign vessel to a penalty for making any advance payment of wages except under such stipulation.

This was a prosecution under 30 Stat. 763, c. 28, § 24, for making a false statement as to the amount due from a seaman. On demurrer to indictment.

M. D. Wickersham, U. S. Dist. Atty.

Leslie B. Sheldon and W. D. McKinstry, for defendant.

TOULMIN, District Judge. The indictment in this case is found under section 10 of an act to amend the laws relating to American seamen, for the protection of such seamen, and to promote commerce. 30 Stat. 763. The statute provides that it is unlawful to pay any seaman wages in advance of the time when he has actually earned the same, or to pay such advance wages to any other person. Such payment is forbidden under penalties therein provided for. But it shall be lawful for any seaman to stipulate in his shipping agreement for an allotment of any portion of his wages, not exceeding one month's wages, to be paid to an original creditor in liquidation of any just debt for board or clothing which he may have contracted prior to engagement. All stipulations for the allotment of any portion of the wages of a seaman shall be inserted in the agreement, and shall state the amounts and times of the payments to be made, and the persons to whom the payments are to be made; and any person who shall make a false statement of the nature or amount of any debt claimed to be due from any seaman under this statute shall be punishable, etc.

The term "seaman," as used in this statute, clearly means those Americans who practice or are employed in navigation,—whose avocation is that of mariner. To construe the statute as applying to those persons only who ship or engage to ship on American vessels, it seems to me, would give too narrow a construction to it, too small a field for its operation, and make the statute inconsistent with itself and inharmonious as a whole. The statute is designed to protect the seaman from imposition by any person by providing that no portion of his wages shall be paid in advance, and be thereafter deducted from his wages when actually earned, except he stipulates in his shipping agreement for an allotment of an amount to be fixed, and not to exceed one month's wages, out of which allotment any sum justly

due to an original creditor for board and clothing, which he may have contracted for prior to his engagement, shall be paid.

The stipulation for the allotment having been inserted in the agreement, the statute provides that any person who shall make a false statement of the nature and amount of any debt claimed to be due from the seaman shall be subject to a penalty. That the statute applies to American seamen,—Americans whose avocation is that of mariner,—only, is, I think, clear; and I think it is equally clear that the provision prohibiting, under penalty, the making of a false claim or statement, refers to making a claim against said allotted sum. It is made unlawful by the statute for a master to pay a seaman wages in advance, or to pay such advance wages to any other persons, unless, as I construe the law, they be paid out of an allotment stipulated for by the seaman in his shipping agreement; and any master who makes such payment, in the absence of the stipulation and allotment required, would be liable to the penalties provided for in the statute. This liability of the master was doubtless considered a sufficient protection to the seaman from a false claim presented to the master where there has been no stipulation and allotment provided for in the shipping agreement; but where there has been such stipulation and allotment the master would in that event be authorized to pay advance wages to the extent of the amount stipulated for. The penalties imposed on any person who should make a false claim, or a false statement of the nature and amount of any claim, against the seaman, and stipulated for in his shipping agreement, was intended to protect the seaman from such false claim. The allotment is made to meet claims against the seaman for board and clothing, and the stipulation for the allotment must be inserted in the shipping agreement. No wages can be lawfully paid in liquidation of such claim without the stipulation and allotment. Any person making a false claim against such allotment shall be liable to the penalty. This is, in my opinion, the correct interpretation of the law.

The statute declares that it is applicable to foreign vessels, and it provides that any master, owner, agent, or consignee who violates its provisions shall be liable to the same penalty that the master, etc., of a vessel of the United States would be, provided that treaties in force between the United States and foreign nations do not conflict. The penalty there referred to is the penalty for paying wages in advance to the seaman, or paying advance wages to any other person unlawfully; and the master, owner, or agent of a foreign vessel is liable to this penalty unless there is a treaty between the United States and the nation to which the vessel belongs in conflict with the statute.

The demurrer is sustained.